UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>C. RODRIGUEZ,<br><br>            Defendant. | Case No. 1:21-cv-01495-JLT-BAK (SAB) (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RULE 27 DEPOSITIONS TO PERPETUATE TESTIMONY<br><br>(ECF No. 17) |

Plaintiff Ronald F. Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed a motion under Rule 27 of the Federal Rules of Civil Procedure to take the deposition of Defendant Rodriguez to perpetuate his testimony and preserve documentary evidence.  (ECF No. 17.)

Plaintiff appears to file the motion under Rule 27(a), which governs the taking of depositions to perpetuate testimony <u>before</u> an action is filed.  Under this rule, a person seeking to perpetuate testimony may file a verified petition indicating "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought."  Fed. R. Civ. P. 27(a)(1)(A).  Plaintiff states that he "expects to file the action complaining of[,] *inter alia*, retaliation by Defendant Rodriguez . . . ."  (*Id.* at 2.)  Plaintiff also indicates an intent to raise procedural due process claims against Defendant and other prison officials at California State Prison, Corcoran.

1	This action has already been filed by Plaintiff, and thus, Rule 27(a) is inapplicable. To
2	the extent that Plaintiff seeks to take the Defendant's deposition under Rule 30, the request is
3	premature. This complaint is still subject to screening, Defendant has not been served, and
4	discovery has not yet commenced. Therefore, Plaintiff may not take Defendant's deposition at
5	this stage of the proceedings.

6	Plaintiff also requests an order under Rule 27 to require Defendant to preserve documents
7	related to inmate property inventory. Plaintiff bases his request on his belief, knowledge, and
8	experience with CDCR's property officers destroying his previous 1083 forms and property. He
9	asserts that every time he is transferred within the facility, Plaintiff's property is confiscated, a
10	new form 1083 (inmate property inventory) is created and the previous 1083 form is discarded.

11	Spoilation of evidence occurs when a party destroys, significantly alters, or fails to
12	preserve property for another's use as evidence in pending or reasonably foreseeable litigation.
13	*United States v. Kitsap Physicians Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002) (citing *Akiona v.*
14	*United States*, 938 F.2d 158, 161 (9th Cir. 1991)). Under Rule 37 and the inherent power of the
15	federal courts, this Court may sanction a party who has engaged in the spoilation of evidence.
16	*Harris v. German*, No. 1:15-cv-01462-DAD-GSA (PC), 2019 WL 6700513, at *1 (E.D. Cal.
17	Dec. 6, 2019) (citing *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040,
18	1052–53 (S.D. Cal. 2015)).

19	Rule 27 does not authorize the Court to order Defendant to preserve documents related to
20	Plaintiff's claims. While Plaintiff expresses a generalized concern that Defendant will destroy
21	relevant documents, Plaintiff's request is premature and unwarranted. Plaintiff's anticipation of
22	spoilation of evidence does not justify an order compelling Defendant to preserve documents
23	where the complaint has not been screened for cognizable claims, Defendant is not yet a party
24	this litigation, and discovery has not commenced.

25	///
26	///
27	///
28	///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's petition for Rule 27 depositions to perpetuate testimony, (ECF No. 17), is DENIED.

IT IS SO ORDERED.

Dated: __**April 20, 2022**__

UNITED STATES MAGISTRATE JUDGE