UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>C. RODRIGUEZ,<br><br>            Defendant. | Case No. 1:21-cv-01495-JLT-CDB (PC)<br><br>FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 1)<br><br>**THIRTY (30) DAY DEADLINE**<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION REQUESTING THE COURT TO SCREEN THE COMPLAINT FILED OCTOBER 7, 2021<br><br>(Doc. 30) |

Plaintiff Ronald F. Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Under Rule 8 of the Federal Rules of Civil Procedure, the complaint fails to state a claim upon which can be granted. Because Plaintiff may be able to cure the deficiencies identified herein, the Court shall extend to Plaintiff leave to file an amended complaint.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1  The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are
2  frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary
3  relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28
4  U.S.C. § 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or
5  fails to allege sufficient facts to support a cognizable legal theory. *O'Neal v. Price*, 531 F.3d
6  1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006)).

**II.    DISCUSSION**

    **A.    Summary of Plaintiff's Allegations and Claims**

The Court has attempted to conduct a proper screening of the complaint as required by 28 U.S.C. § 1915A(a). To the extent that the Court is able to discern Plaintiff's allegations, the Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

In July or August 2018, Plaintiff was transferred from Salinas Valley State Prison to California State Prison-Corcoran ("Corcoran") and housed in Facility C's general population. Because he was sentenced to 55 years to life for murder, Plaintiff is classified as a Security Threat Group ("STG") inmate.[1] Plaintiff filed requests for interviews with Defendant, the Property Officer, to discuss the necessity of his legal work and pending deadlines and discovery. However, these requests were denied.

On May 21, 2021, Plaintiff was allegedly involved in an assault on another inmate with inmate-manufactured weapons. Plaintiff was charged with attempted murder and sent to administrative segregation ("ad-seg"). Despite provisions of the CDCR Department Operations Manual and Corcoran Operating Procedures, Plaintiff was not given a 1083 form indicating all of his property was packed and inventoried. Plaintiff sustained a head injury during the altercation, and he was sent to an outside hospital for treatment.

On May 23, 2021, Plaintiff was discharged from the hospital and returned to the Corcoran infirmary for treatment and observation. On June 23, 2021, Plaintiff was issued his ad-

---

[1] An illegible word, which apparently refers to a particular group or gang, follows "STG" repeatedly. (*See, e.g.*, Doc. 1 at 5, 8.)

seg property by the infirmary property officer. However, Plaintiff's TV with speakers were missing. Plaintiff had a "'feeling' of having no dou[b]t Defendant Rodriguez confiscated Plaintiff['s] TV with speakers." (Doc. 1 at 15) (alteration in original). In addition to the speakers, Plaintiff alleges he was also missing a legal envelope containing his personal artwork and "prison art" from other prisoners; a legal file containing case law and discovery requests relevant to another pending lawsuit; and a home-made legal calendar.

Plaintiff alleges Defendant Rodriguez confiscated, stole, and possibly destroyed Plaintiff's property, including his legal calendar and case law file. Plaintiff believes the Defendant stole the television so he and other correctional officers could watch sports on TV in the gym office, program office, or control towers. Plaintiff speculates that Defendant was trying to curry favor with his fellow officers or supervisors or to sell them the TV.

Plaintiff asserts Defendant's actions were in retaliation for Plaintiff's filing of lawsuits in violation of his First Amendment rights, and he was denied due process in violation of the Fourteenth Amendment. As relief, Plaintiff seeks declaratory judgment, an award of compensatory and punitive damages, a return of the TV with speakers; and appointment of counsel.

### B.     Federal Rule of Civil Procedure 8(a)

Rule 8 of the Federal Rules of Civil Procedure governs the filing of complaints (and responses) and provides in pertinent part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>    (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and
>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Id.* at 512. Detailed factual allegations are not required, but

3

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

Plausibility does not require probability, but it requires more than the "sheer possibility" of a defendant's liability. *Id.* (quoting *Twombly*, 550 U.S. at 556). A claim is plausible when the facts pleaded allow the court to make reasonable inferences that the defendant is liable for wrongful conduct. *Id.* (quoting *Twombly*, 550 U.S. at 556). However, courts "are not required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*, 490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations of official misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

To ensure compliance with Rule 8, courts of the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, No. 2:20-cv-00349-JAM-DB P, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, No. 1:21-cv-01009-JLT-BAM PC, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022).

This Court's pilot program for the electronic filing of prisoner litigation provides:

To facilitate compliance with Federal Rule of Civil Procedure 8(a)(2) (requiring

4

that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief") and to reduce costs and delays associated with processing complaints, the Court imposes a page-limit on complaints filed by incarcerated Plaintiffs. Complaints shall not exceed twenty-five (25) pages in length. Any exhibits attached to a complaint shall count toward the twenty-five page limit. Plaintiffs are encouraged to use the Court's sample civil rights form.

Standing Order, E.D. Cal. (Mar. 1, 2016); *accord Rivas v. Padilla*, No. 1:21-cv-00212-GSA PC, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022) (finding the page limit includes the complaint itself and any exhibits, for a total of twenty-five pages).

Essentially, this case concerns missing property, particularly the television with speakers, and does not raise novel or complex claims that require more than 25 pages to assert properly. Here, the text of the complaint is 31 pages long.[2] Plaintiff attaches five exhibits, which are unnecessary at this pleading and screening stage of the litigation. (Doc. 1 at 32–53.) While some of the exhibits may support Plaintiff's factual allegations, some of the exhibits are wholly irrelevant to the legal claims presented and merely lengthen the complaint unnecessarily. For example, Exhibit A are catalog pages, including an entire page that is crossed out (Doc. 1 at 34–35); Exhibit B purports to be copies of Plaintiff's "prison art" confiscated, including a page of lined stationary with two clowns in the corner, pages from a book with bird illustrations, a picture of "Mario" from the Nintendo game, and a Halloween card featuring Disney characters. (*Id.* at 37–43.) These images are clearly not Plaintiff's original work, and their irrelevance merely confuses the issues and adds pages that count toward the page limitation. Thus, the complaint fails to make a "short and plain statement of the claim" as required by Rule 8(a)(2) and is subject to dismissal on this basis.

Additionally, Rule 8(d) states: "Each allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1). Contrary to this pleading requirement, the allegations in Plaintiff's complaint are repetitive, contain excessive verbiage and recreated conversations, and present a nonchronological narrative. "Prolix, confusing complaints … impose

---

[2] This is the page number according to CM-ECF. Plaintiff numbered this as page 29 because he added pages 2A and 2B (listing his previous and pending actions). Generally, the Local Rules require each page to be numbered consecutively. L.R. 130(d).

unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Even if the complaint has some merit, the case may be subject to dismissal for failure to comply with Rule 8(d). *See id.*

Upon the determination that the complaint does not comply with Rule 8, Plaintiff has failed to state a claim upon which relief can be granted.

### C. Local Rules and Court Orders

Although the Court construes Plaintiff's *pro se* pleadings liberally, this Court advised Plaintiff in its first informational order that the parties must comply with that order, the Federal Rules of Civil Procedure, and the Local Rules, as modified. (Doc. 4.) The Court also advised that failure to comply will be grounds for imposition of sanctions, possibly including dismissal. (*Id.* at 1) (citing L.R. 110; Fed. R. Civ. P. 41(b)). Local Rule 110, Sanctions for Noncompliance with Rules, provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

Specific to *pro se* plaintiffs, Local Rule 183 states:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

L.R. 183. Moreover, this *pro se* Plaintiff has litigated many cases in this district and should be well aware of his obligation to comply with applicable rules and obey orders of the Court. Plaintiff is admonished that repeated failure to do so may be grounds for imposing sanctions, including dismissal of this case if warranted.

### D. Objections and Motions to Screen

In the first informational order, the Court advised Plaintiff: "This Court screens pro se plaintiffs' complaint[s] as expeditiously as possible. However, the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (Doc. 4 at 3.) More recently, the District Judge addressed three previously filed motions to screen:

6

> Plaintiff is advised that the Eastern District is one of the busiest courts in the country and remains under a judicial emergency. The filing of multiple motions for status and screening—such as those filed by Plaintiff in this action on June 15, 2022; August 18, 2022; January 30, 2023; and February 21, 2023—further strains the limited resources of the Court. . . . Plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915 as soon as is practicable given the Court's extraordinary workload.

(Doc. 28 at 1.)

Plaintiff filed a document titled, "Plaintiff's Objection to the Courts [sic] Order Construing his Motion to Screen the First Amended Complaint as a Motion for Status Update." (Doc. 29.) Plaintiff has filed a fourth motion requesting the court to screen the complaint. (Doc. 30.) Plaintiff states, "This motion is NOT [a] STATUS UPDATE MOTION." (*Id.* at 1.)

The Court has advised Plaintiff that filing multiple motions for screening "further strains the limited resources of the Court." (Doc. 28 at 1.) This practice does not expedite screening. Instead, submitting multiple, redundant motions burdens the docket and delays the Court's ability to screen the complaint.

More significantly, the district court has the inherent power to control its own docket. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). It is the Court's responsibility—not subject to a single plaintiff's demands—to determine the priority of pending matters and address them as expeditiously as possible. While protecting Plaintiff's First and Fourteenth Amendment rights are important and taken very seriously by the Court, this case concerns damages for a confiscated television and does not present urgent claims that affect Plaintiff's health and safety, unlike many other prisoner cases pending before the Court.

Plaintiff shall not file additional motions to screen in this case. Plaintiff's failure to comply with this directive may result in the dismissal of this case for failure to comply with a court order.

### III. AMENDED COMPLAINT

Because Plaintiff may be able to cure the deficiencies identified in this screening order, Plaintiff is granted leave to amend the complaint that complies with Rule 8, the Local Rules, and orders of the Court. If the Plaintiff elects to file an amended complaint, it must be limited to a total

7

1 of 25 pages, typewritten, and double-spaced; and if hand-written, it must be legible. L.R. 130(b),
2 (c). Pages must be numbered consecutively at the bottom. L.R. 130(d).

3 Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey*
4 *v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be
5 "complete in itself without reference to the prior or superseded pleading." L.R. 220. Plaintiff may
6 not change the nature of this suit by adding unrelated claims in an amended complaint.

7 If Plaintiff elects not to amend the complaint or files a noncompliant amended complaint,
8 the Court will recommend dismissal of this case. Moreover, the Court will not entertain a motion
9 to depart from any of these pleading requirements, which apply to Plaintiff regardless of his *pro*
10 *se* status.

11 As a courtesy to Plaintiff, the Court provides the following legal standards to guide
12 Plaintiff's amendment of the complaint.

13 **A.    Official v. Individual Capacity Claims**

14 Plaintiff does not indicate whether he sues Defendant in his personal or official capacity.
15 To the extent Plaintiff is seeking damages, the Eleventh Amendment bars suits for money
16 damages in federal court against state officials in their official capacity. *Aholelei v. Dep't of Pub.*
17 *Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar official capacity suit for
18 prospective relief, *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); nor does it bar
19 suit for damages against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30
20 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

21 "Personal-capacity suits . . . seek to impose individual liability upon a government officer
22 for actions taken under color of state law." *Hafer*, 502 U.S. at 25; *Suever v. Connell*, 579 F.3d
23 1047, 1060–61 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and
24 the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an
25 official capacity suit. *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284
26 (9th Cir. 1994).

27 A claim for prospective injunctive relief against a state official in his official capacity is
28 not barred by the Eleventh Amendment provided the official has authority to implement the

requested relief. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 92 (1989); *accord Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Plaintiff's official capacity claims are proper only insofar as plaintiff seeks injunctive relief.

### B.  First Amendment Retaliation

Plaintiff alleges that Defendant retaliated against him for submitting prisoner grievance and appeals and civil rights actions. It is well-established that prisoners have a First Amendment right to file prison grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson,* 408 F.3d 559, 566 (9th Cir. 2005); *Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir. 2003)). Prisoners also have a constitutional right of access to the courts, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). Retaliation for a prisoner's exercise of those rights constitutes a constitutional violation and is "prohibited as a matter of 'clearly established law.'" *Brodheim*, 584 F.3d at 1269 (citing *Rhodes*, 408 F.3d at 566; *Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995)).

To state a claim for First Amendment retaliation, a plaintiff must allege five elements: (1) he engaged in protected activity; (2) the state actor took an adverse action against the plaintiff; (3) a causal connection between the adverse action and the protected conduct; (4) the defendant's actions would chill or silence a person of ordinary fitness from protected activities; and (5) the retaliatory action did not advance a legitimate correctional goal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *Rhodes*, 408 F.3d at 567–68.

### C.  Fourteenth Amendment Due Process

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, plaintiff must first identify the interest at stake. *Id.* at 221. Liberty interests may arise from the Due Process Clause itself or from state law. *Id.* The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations

1 is determined by focusing on the nature of the condition of confinement at issue. *Id.* at 221–23
2 (citing *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995)) (quotation marks omitted). Liberty
3 interests created by prison regulations are generally limited to freedom from restraint which
4 imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
5 prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks
6 omitted). "When protected interests are implicated, the right to some kind of prior hearing is
7 paramount . . . ." *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997) (quoting *Bd. of Regents of*
8 *State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972)).

9       A negligent or intentional deprivation of a prisoner's property does not give rise to a
10 Fourteenth Amendment "due process claim under section 1983 if the state has an adequate post-
11 deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing *Hudson v.*
12 *Palmer*, 468 U.S. 517, 533 (1984)). The Ninth Circuit has held that the Government Claims Act,
13 Cal. Gov't Code §§ 810–996.6, provides an adequate post-deprivation remedy for loss of
14 property. *See Lopez v. Dion*, 422 F. App'x 590, 591 (9th Cir. 2011) (citing *Barnett*, 31 F.3d at
15 816–17).

16       **D.    Declaratory Relief**

17       Plaintiff has requested declaratory judgment, but such relief is unnecessary. Like other
18 forms of equitable relief, the Court has judicial discretion to grant declaratory judgment,
19 exercised in the public interest. *Johnson v. Torres*, No. 1:22-cv-01457-BAM (PC), 2023 WL
20 1823605, at *4 (E.D. Cal. Feb. 8, 2023) (quoting *Eccles v. Peoples Bank of Lakewood Village*,
21 333 U.S. 426, 431 (1948)), *F.&R. adopted*, 2022 WL 782342 (E.D. Cal. Mar. 15, 2022).
22 Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and
23 settling the legal relations in issue nor terminate the proceedings and afford relief from the
24 uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353,
25 1357 (9th Cir. 1985) (citations omitted).

26       If this action reaches trial and a verdict is returned in Plaintiff's favor, then that verdict
27 will be a finding that Plaintiffs constitutional rights were violated. *Johnson*, 2023 WL 1823605,
28 at *4. Because such relief is unnecessary in this case, the Court should decline to exercise its

discretion to enter declaratory judgment.

### E. Appointment of Counsel

Plaintiff requests the appointment of counsel in his prayer for relief. However, Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).

In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court seeks volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court does not find that this case presents the required exceptional circumstances. Even assuming Plaintiff is not well-versed in the law and he has made serious allegations that, if proven, would entitle him to relief, this case is not exceptional. The Court commonly is faced with similar cases. While the Court recognizes Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). The test is whether exception circumstances exist, and they do not in this case.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's complaint fails to state a claim on which relief can be granted. As Plaintiff is proceeding *pro se* and may be able to amend the complaint to state a claim, the Court grants Plaintiff an opportunity to amend his complaint.

Accordingly, it is hereby ORDERED:

1. Plaintiff is GRANTED leave to file a first amended complaint;
2. **Within thirty (30) days** from the date of service of this Order, Plaintiff shall file **one** of the following:
   a. First Amended Complaint that is compliant with Rule 8 and is limited to a **total of 25 pages**;
   b. Written notice to the Court that Plaintiff wishes to stand on his complaint, subject to a recommendation to dismiss the complaint for reasons stated in this Order; or
   c. If Plaintiff no longer wishes to pursue this action, notice of voluntary dismissal.[3]
3. If Plaintiff elects to file a first amended complaint, Plaintiff SHALL use the civil rights complaint form;
4. Plaintiff shall not file a motion or request to exceed the 25-page limit; and
5. Plaintiff shall not file a motion to screen the complaint or any amended complaint.
6. Plaintiff's motion requesting the court to screen the complaint (Doc. 30) is DENIED.
7. The Clerk of Court is directed to send Plaintiff a civil rights complaint form.

**If Plaintiff fails to comply with this Order, the Court will recommend that this action be dismissed for failure to state a claim and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **July 13, 2023**                             _____
                                                                                 UNITED STATES MAGISTRATE JUDGE

---

[3] The Court merely informs Plaintiff of his three options available to him and is not intended to suggest Plaintiff's complaint is devoid of merit or to encourage abandonment of his claims.