UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. RODRIGUEZ,<br><br>　　　　　Defendant. | Case No.: 1:21-cv-01495-JLT-CDB<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR A 14-DAY EXTENSION OF TIME WITHIN WHICH TO FILE NOTICE CONCERNING EARLY ADR**<br><br>(Doc. 53) |

Plaintiff Ronald F. Martinez is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's First Amendment retaliation claim against Defendant Rodriguez.

**I.　　INTRODUCTION**

On April 16, 2025, this Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 120 Days. (Doc. 48.) The parties were directed to file notice indicating whether they wished to participate in an early settlement conference within 45 days. (*Id.* at 2.)

On May 29, 2025, Defendant filed an ex parte application for a 30-day extension of time within which to respond to the April 16, 2025, Order. (Doc. 49.) On May 30, 2025, the Court granted the extension and directed the notice be filed no later than July 2, 2025. (Doc. 50.)

On July 2, 2025, Defendant filed an ex parte application for a 14-day extension of time within which to respond to the April 16, 2025, Order. (Doc. 53.)

## II. DISCUSSION

Defendant seeks a 14-day extension of deadline concerning any willingness to participate in early settlement conference proceedings. (Doc. 53 at 1, 3-4.) Further, Defendant seeks an extension of time within which to contact the undersigned's courtroom deputy should all parties elect to proceed to a settlement conference. (*Id*. at 2, 4.) Defendant's ex parte application is supported by the Declaration of Lila Garlinghouse. (*Id*. at 5-6.) Defense counsel declares that although she has investigated Plaintiff's claim, spoken with Plaintiff, and conferred with her supervisor, she requires additional time to confer with her institutional client, the California Department of Corrections and Rehabilitation, due to Plaintiff's extensive litigation history. (*Id*., at 5, ¶ 3-4.) Counsel declares two additional cases filed by Plaintiff — *Martinez v. Rios*, No. 2:24-cv-02474 DAD SCR and *Martinez v. Parks*, No. 1:21-cv-01496-KES-CDB — will be assessed concerning a possible "global settlement" involving the three cases and indicates she has conferred with the attorneys assigned in the other actions. (*Id*., at 5, ¶ 4.) Counsel declares this is Defendant's second request for an extension of time in this action and that the request is not made for any improper purpose. (*Id*. at 5, ¶¶ 5, 7.)

First, the Court notes Defendant continues to assert the requested extension is sought to file a "motion" concerning an early settlement conference. But as this Court has previously advised, a "motion" is not the proper response to the Court's April 16, 2025, Order: "To be clear, no motion is necessary. Rather, Defendant is directed to check the appropriate box on the notice provided with the Court's April 16, 2025, order, indicating whether the party wishes to engage in an early settlement conference and file it with the Court." (*See* Doc. 50 at 2, n.1.)

Second, this Court's Local Rule 144(d) provides that "[c]ounsel shall seek to obtain a necessary extension from the Court … as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Here, counsel filed the instant request on the same date the notice was due to be filed, yet it appears the need for an additional extension of time should have been apparent prior to July 2, 2025.

2

While the Court will grant Defendant's request, it admonishes counsel to exercise better diligence and fidelity to compliance with the Local Rules. Defendant also is admonished that no further extensions of time concerning the required notice will be entertained absent extraordinary good cause.

### III. CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **HEREBY ORDERS** that:

1. Defendant's ex parte application for an extension of time within which to file notice concerning participation in early ADR (Doc. 53) is **GRANTED**;
2. Defendant **SHALL** file such notice **no later than July 16, 2025**; and
3. In the event all parties elect to participate in an early settlement conference, Defendant shall contact the undersigned's courtroom deputy to schedule the settlement conference **no later than July 31, 2025**.

IT IS SO ORDERED.

Dated: **July 3, 2025**

UNITED STATES MAGISTRATE JUDGE