UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br>Plaintiff,<br>v.<br>C. RODRIGUEZ,<br>Defendant. | Case No.: 1:21-cv-01495-JLT-CDB (PC)<br>**ORDER GRANTING EX PARTE APPLICATION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br>(Docs. 70, 71) |

Plaintiff Ronald F. Martinez is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

The Court issued its Discovery and Scheduling Order on September 17, 2025. (Doc. 67.) Relevant here, the deadline for filing dispositive motions is July 27, 2026. (*Id.*)

On July 22, 2026, Defendant filed an Ex Parte Application to Modify the Scheduling Order. (*See* Doc. 70 & 71 [duplicate].) That same date, Defendant filed a proposed order, erroneously entered on the docket as "stipulation" and proposed order. (Doc. 72.)

**II. DISCUSSION**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment."

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Here, Defendant seeks a 14-day extension of the deadline for filing a dispositive motion, to and including August 10, 2026. The application is supported by the Declaration of Lyndsay Crenshaw. Counsel declares following an appearance on June 9, 2026, counsel has drafted "75%" of a summary judgment motion but another 14 days "is necessary to complete the motion and obtain all the supporting evidence." Counsel declares a competing deadline in another matter filed in the Southern District of California has delayed completion of the motion in this matter. Further, counsel declares this is Defendant's first request for an extension of the dispositive motion deadline, that no other dates are affected, Defendant would be prejudiced if the extension "is disallowed because it may result in an incomplete motion for summary judgment being filed," and that Plaintiff would not be prejudiced.

Good cause appearing, Defendant's ex parte application to modify the scheduling order will be granted.

## III. CONCLUSION AND ORDER

Accordingly, based upon the foregoing, the Court **HEREBY ORDERS** that:

1. Defendant's ex parte application to modify the scheduling order (Docs. 70 & 71) is **GRANTED**; and
2. The Discovery and Scheduling Order is **MODIFIED** to the extent of continuing the deadline to file dispositive motions from July 27, 2026, to **August 10, 2026**.

IT IS SO ORDERED.

Dated: **July 23, 2026**

UNITED STATES MAGISTRATE JUDGE