UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

Plaintiff,

v.

C. RODRIGUEZ,

Defendant.

Case No.: 1:21-cv-01495-JLT-CDB (PC)

**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**

(Doc. 74)

Plaintiff Ronald F. Martinez is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. BACKGROUND

The Court issued its Discovery and Scheduling Order on September 17, 2025. (Doc. 67.) The original deadline for filing dispositive motions was July 27, 2026. (*Id.*)

On July 22, 2026, Defendant filed an Ex Parte Application to Modify Scheduling Order. (*See* Doc. 70 & 71 [duplicate].)

On July 24, 2026, the Court issued its Order Granting Ex Parte Application to Modify the Discovery and Scheduling Order, extending the deadline for the filing of dispositive motions from July 24, 2026, to August 10, 2026. (Doc. 73.)

On August 10, 2026, Defendant filed another Ex Parte Application to Modify Scheduling Order. (Doc. 74.)

## II. DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Here, Defendant has submitted a nearly identical application to the applications previously submitted July 22, 2026. More specifically, both seek an extension to August 10, 2026 – the date the most recent application was filed with the Court, both state the application is Defendant's "first request for an extension of the dispositive motion deadline" whereas the instant application is Defendant's second request, and both rely upon the same assertions proffered in the Declaration of Lyndsay Crenshaw, the only difference being the date the application was signed. (*Cf.* Doc. 74 to Doc. 70.) Only the proposed order submitted with the instant application includes reference to a new deadline: August 24, 2026. (*See* Doc. 74-1.)

Defendant has failed to establish good cause. Ms. Crenshaw's declaration in the instant application relies on the very same assertions proffered in the earlier declaration; for example, both state Crenshaw has "begun drafting the motion and it is 75% complete." (*Cf*. Doc. 70 at 3, ¶ 4 to Doc. 74 at 4, ¶ 3.) Defendant offers no good cause to extend the deadline because no showing of diligence has been made.

Moreover, this Court's Local Rule 144(d) provides that "[c]ounsel shall seek to obtain a necessary extension from the Court … as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Defense counsel applied for an extension of the dispositive motion filing deadline on the required filing date for such a motion.

Because Defendant has failed to establish good cause and because the request for an extension was filed on the same date the required pleading was to be filed in violation of Local Rule 144(d), the application will be denied.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Defendant's *ex parte* application for an extension of the dispositive motion deadline (Doc. 74) is **DENIED**.

IT IS SO ORDERED.

Dated: **August 11, 2026**

UNITED STATES MAGISTRATE JUDGE