UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

Plaintiff,

v.

C. RODRIGUEZ,

Defendant.

Case No.: 1:21-cv-01495-JLT-CDB (PC)

**ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF UNDER RULE 6(b)(1)(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

(Doc. 76)

Plaintiff Ronald F. Martinez is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT PROCEDURAL BACKGROUND**

A Discovery and Scheduling Order issued in this action on September 17, 2025. (Doc. 67.) Relevant here, the original deadline for filing dispositive motions was July 27, 2026. (*Id.*)

On July 22, 2026, Defendant filed an Ex Parte Application to Modify Scheduling Order. (*See* Doc. 70 & 71 [duplicate].)

On July 24, 2026, the Court issued its Order Granting Ex Parte Application to Modify the Discovery and Scheduling Order, extending the deadline for the filing of dispositive motions from July 24, 2026, to August 10, 2026. (Doc. 73.)

On August 10, 2026, Defendant filed another Ex Parte Application to Modify Scheduling Order. (Doc. 74.)

On August 11, 2026, the Court issued its Order Denying Defendant's Ex Parte Application to Modify the Discovery and Scheduling Order. (Doc. 75.) Specifically, the Court found Defendant failed to establish good cause, noting defense counsel's declaration relied "on the very same assertions proffered in the earlier declaration" and that the requested extension "was filed on the same date the required pleading was to be filed in violation of Local Rule 144(d)." (*Id*. at 2.)

On August 17, 2026, Defendant filed the instant motion, seeking relief pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. (Doc. 76.)

## II. DISCUSSION

### *Defendant's Motion for Administrative Relief*

Defendant seeks relief "from defense counsel's mistake and permission to file a dispositive motion on August 24, 2026, or a date thereafter of the Court's choosing." Specifically, Defendant asserts that the "first ex parte application seeking an extension of the dispositive motion deadline was inadvertently re-filed on August 10, 2026, instead of the drafted second ex parte application seeking an extension of the dispositive motion deadline." Defendant asserts this occurred in part due to the fact defense counsel a traveling and preparing for an August 11, 2026, trial and because her "usual secretary was unexpectedly unavailable to assist with this filing." Defendant contends that in the absence of the relief requested, he will be denied the opportunity of moving for summary judgment and may be forced to litigate issues that might otherwise be resolved. On the other hand, were the instant request granted, the entire matter might be resolved on summary judgment.

Defendant's motion is supported by the Declaration of Lyndsay Crenshaw, Supervising Deputy Attorney General. Ms. Crenshaw declares she appeared in this action on June 9, 2026, when the relevant deadline was July 27, 2026. In late-June, she began working with a summer law clerk to evaluate the potential of a summary judgment motion and when meritorious arguments were identified, the law clerk began drafting the motion with counsel's assistance and under her supervision. Ms. Crenshaw further declares, however, that due to the press of business in other matters and the unavailability of supporting evidence, she sought the first 14-day

extension of time that ultimately modified the dispositive motion filing deadline to August 10, 2026. Next, counsel declares that on August 5, 2026, the law clerk provided a final version of the summary judgment motion for review; counsel's review revealed "a discrepancy between the separate statement and statement of facts that needed to be corrected." Although counsel began to correct the discrepancy, she declares she was unable to do so due to the press of business in other matters. Those matters include reviewing a summary judgment motion in an action before the Northern District, finalizing a summary judgment motion due August 10, 2026, in an action before the Southern District, and preparing for trial, in this Court, in the *Fregia v. Chen* matter, case number 1:20-CV-01024-KES-EPG. More specifically, Ms. Crenshaw was involved in extensive witness preparation sessions on August 7 and August 8, 2026, in addition to other pre-trial tasks. On Sunday, August 9, 2026, counsel drove from San Diego to Fresno, and that evening "again attempted to finalize" the summary judgment motion in this case. However, counsel realized she required more time to "ensure the evidence was properly identified and incorporated into both the statement of facts and points and authorities." Therefore, on August 10, she drafted the second ex parte application, but "mistakenly sent the first ex parte application to be filed instead of the new one."

Further, counsel's usual secretary, who is familiar with this case, was unexpectedly absent. Ms. Crenshaw declares that when the final version was sent for approval, she was "distracted with pre-trial meetings and had slow internet accessing, causing [her] to perform an inadequate review" of the final version. Counsel declares that when the Court issued its order denying the application, she was in trial and unable to immediately respond. When trial ended late on August 13, 2026, she spent the following day "attending to post-trial tasks and flying back to San Diego, which took over 6 hours due to canceled and delayed flights." She declares the instant motion "is being filed at the first available opportunity." Counsel further declares the requested extension does not appear to prejudice Plaintiff, whereas were it to be denied, Defendant would be "severely prejudiced, through no fault of his own, because he will be denied the opportunity to assert a potentially meritorious defense that would resolve in the entire matter." Finally, counsel declares the motion is not brought for the purpose of delay or harassment.

***Applicable Legal Standards and Analysis***

Rule 6(b) of the Federal Rules of Civil Procedure provides:

> (b) **Extending Time**.
>
> (1) *In General*. When an act may or must be done within a specific time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> (2) *Exceptions*. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b).

Courts analyze the following equitable factors in determining whether a missed deadline was a result of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court has noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (internal citations omitted). "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 394). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co.*, at 395). And the Ninth Circuit has left "the weighing of *Pioneer*'s equitable factors to the discretion of the district court." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

The Danger of Prejudice to Plaintiff

The Court finds granting Defendant the relief they seek will result in some prejudice to Plaintiff as the opposing party, however, the prejudice is not significant where Plaintiff remains able to oppose any future summary judgment motion. *See, e.g.*, *Lute v. Silva*, No. 1:20-cv-01122-CDB (PC), 2026 WL 2199865, at *2 (E.D. Cal. July 30, 2026) ("while there is some prejudice to Plaintiff as the opposing party, that prejudice is lessened where Plaintiff's opportunity to oppose Defendants' argument is not negated but merely delayed").

The Length of the Delay and Its Potential Impact

As noted above, the modified deadline for the filing of dispositive motions was August 10, 2026, and Defendant intended to seek an additional 14 days within which to file a summary judgment motion. And although the proposed August 24, 2026, deadline has passed, permitting an additional brief period within which Defendant is permitted to file a motion for summary judgment does not significantly lengthen the delay or otherwise negatively impact the action. *Gracia v. County of Kern*, No. 1:23-cv-01104-JLT-CDB, 2026 WL 555135, at *3 (E.D. Feb. 27, 2026) (finding that "the delay caused by Plaintiff's counsel's inaction is relatively short, whereas its impact is largely unchanged"). Thus, the length of the delay and its potential impact are minimal.

The Reason for the Delay

Here, the reason for the delay is adequately explained in defense counsel's declaration. Counsel had begun preparation of a summary judgment motion with the assistance of a law clerk and discovered a discrepancy that required her intervention and where additional evidence was needed, shortly before counsel's participation in trial in another pending action before the Court. Further, counsel moved expeditiously following completion of the trial by filing the instant motion within two court days thereafter. *Lemoge*, 587 F.3d at 1192; *Lute*, 2026 WL 2199865, at *2 (finding the reason for defendants' delay adequately explained).

The Good Faith of the Moving Party

"Good faith considers the presence or absence of tactical or strategic motives behind the delay." *Galfayan v. State Farm Gen. Ins. Co.*, No. 2:23-cv-01991-RGK-SK, 2024 WL 5317267,

at *2 (C.D. Cal. Apr. 23, 2024). Here, the undersigned does not perceive the presence of tactical or strategic motives were behind defense counsel's delay. Rather, as discussed above, the delay involves counsel's competing obligations in a trial scheduled to commence on August 10, 2026, in this district and her unsuccessful effort to timely seek an extension of the filing dispositive motion deadline due to inadvertently submitting the wrong document for filing, resulting in the undersigned finding good cause absent. *See Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding that counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness").

Summary

This Court finds the *Pioneer* factors weigh in favor of granting Defendant's motion. *Pincay*, 389 F.3d at 860. Defendant will be directed to file any summary judgment motion within seven days of the date of this order.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that Defendant's motion for administrative relief (Doc. 76) is **GRANTED**. Defendant **SHALL** file any summary judgment motion **within seven (7) days** of the date of this order.

IT IS SO ORDERED.

Dated: **August 25, 2026**

UNITED STATES MAGISTRATE JUDGE